**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| MARS, INCORPORATED <br> 6885 Elm Street <br> Mclean, Virginia 22101 <br><br> MARS PETCARE US, INC. <br> 315 Cool Springs Blvd. <br> Franklin, Tennessee 37067 <br><br> Plaintiffs, <br><br> v. <br><br> THE J.M. SMUCKER COMPANY <br> 1 Strawberry Lane <br> Orrville, Ohio 44667 <br><br> BIG HEART PET, INC <br> 1 Strawberry Lane <br> Orrville, Ohio 44667 <br><br> Defendant. | Case No. 1:16cv1451  CMH/MSN |

**COMPLAINT**

Plaintiffs Mars, Incorporated ("Mars") and Mars Petcare US, Inc. ("Mars Petcare") (collectively referred to herein as "Plaintiffs" or "Mars") bring this action against Defendants The J.M. Smucker Company ("J.M. Smucker") and Big Heart Pet, Inc. ("Big Heart Pet") (together referred to herein as "Defendants"), and allege as follows:

**PRELIMINARY STATEMENT**

1.  This is an action for trademark infringement, false designation of origin, false description, unfair competition, and related claims under the United States Trademark (Lanham) Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (as amended), and Virginia common law.

1

2. Mars Petcare is the leading manufacturer of natural pet food products fortified with vitamins and minerals sold exclusively at pet specialty stores and is dedicated to quality, excellence and innovation in dog and cat nutrition offering healthful formulas for every pet's life stage, activity level and size.

3. One of Plaintiffs' best-selling and well-known products is the PILL POCKETS® line of pet treats for aiding in the oral administration of medication to pets that is sold under the house brand GREENIES®. Specifically, Plaintiffs' PILL POCKETS® pet treats enable pet owners to disguise a pet medication by hiding the medication inside the "pouch" of a flavorful pet treat. Plaintiffs spend millions of dollars annually in developing and promoting their line of PILL POCKETS® pet treats. PILL POCKETS® pet treats have been widely advertised and sold throughout the United States – both online and in retail pet specialty stores – since as least as early as August 2002 with sales well in excess of $80 million per year.

4. Seeking to take advantage of the reputation and goodwill enjoyed by the PILL POCKETS® brand, Defendants have perpetrated a scheme to confuse the public and misappropriate the enormous goodwill of the PILL POCKETS® brand. Defendants have done this by launching into the marketplace, in direct competition with Plaintiffs' PILL POCKETS® pet treats, a new product in Defendants' MILK BONE line of pet treat products – namely, a medication-disguising pet treat – under the infringing PILL POUCHES trademark (the "Infringing PILL POUCHES Mark"), which is highly similar and virtually identical in connotation to Plaintiffs' PILL POCKETS® brand.

5. Defendants' production, marketing, distribution and sale of pet treats using the Infringing PILL POUCHES Mark is likely to confuse and deceive consumers and harm the substantial goodwill of Plaintiffs' PILL POCKETS® products brand.

## THE PARTIES

6. Mars is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 6885 Elm Street, McLean, Virginia 22101.

7. Mars Petcare is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 315 Cool Springs Boulevard, Franklin, Tennessee 37067. Mars Petcare is a wholly-owned subsidiary of Mars and licensee of the PILL POCKETS® marks.

8. Upon information and belief, J.M. Smucker is a corporation organized and existing under the laws of the State of Ohio with a principal place of business at 1 Strawberry Lane, Orrville, Ohio 44667.

9. Upon information and belief, Big Heart Pet is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1 Strawberry Lane, Orrville, Ohio 44667. Upon further information and belief, Big Heart Pet is the successor-in-interest of Big Heart Pet Brands, the producer and distributor of MILK BONE pet treat products, which was acquired by J.M. Smucker in 2015.

## JURISDICTION

10. This Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, as well as 28 U.S.C. §§ 1331 and 1338, and the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

11. Personal jurisdiction over Defendants is proper because Defendants regularly solicit, transact, and do business within the Commonwealth of Virginia and within this District, and the claims in this action arise out of such business in this District.

12. Defendants have caused and are causing injury within this District by advertising, distributing, and selling products bearing the Infringing PILL POUCHES Mark in this District.

13. Venue is proper in this District under 28 U.S.C § 1391(b) because Mars resides within this District and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## FACTUAL BACKGROUND

A. **PLAINTIFFS' PILL POCKETS® BRAND AND ITS DISTINCTIVE TRADEMARKS**

14. Mars Petcare is the leading developer and manufacturer of premium pet food products that are sold in the United States and throughout the world, and has more than eighty years of experience creating great-tasting, nutritious premium pet foods.

15. Mars Petcare, through its predecessor-in-interest, the Nutro Company ("Nutro"), began using the PILL POCKETS trademark (hereinafter, the "PILL POCKETS® Trademark") in connection with pet treats for the oral administration of medication and vitamins in the United States since at least as early as 2002.

16. World-class scientists, veterinarians, and nutritionists have designed and continue to design Plaintiffs' line of PILL POCKETS® pet treats to help dogs and cats live healthier lives. The PILL POCKETS® pet treats are the top-selling brand of innovative medication administering pet treats in the United States.

   1. **Mars' Registrations are *Prima Facie* Evidence of Mars' Exclusive Right to Use the PILL POCKETS Trademarks in Commerce on or in Connection with Plaintiffs' Pet Treats.**

17. Mars owns two valid and subsisting United States trademark registrations for the mark PILL POCKETS®.

18. The PILL POCKETS® Trademark is immediately recognizable to the ordinary consumer and distinguishes the PILL POCKETS® pet treats from other brands of pet treats on retail store shelves.

19. The United States Patent and Trademark Office ("USPTO") has recognized Mars' ownership of, and exclusive right, to use the PILL POCKETS® Trademark by issuing the following federal trademark registrations, both of which are on the Principal Register:

| Mark | Registration Number | First Use Date | Registration Date | Goods |
|---|---|---|---|---|
| PILL POCKETS | 4,045,515 | August 2002 | October 25, 2011 | Pet Food and Pet Treats |
| PILL POCKETS (Incontestable Registration) | 2,673,252 | August 2002 | January 7, 2003 | Ingestible pouch sold empty for use in encapsulating and aiding in the oral administration of medications and vitamins |

20. Mars's incontestable registration, namely, Reg. No. 2,673,251, provides conclusive evidence – and Reg. No. 4.045,515 provides *prima facie* evidence – of Mars' exclusive right to use its PILL POCKETS® Trademark in commerce pursuant to 15 U.S.C. § 1115(b), and the registrations provide nationwide constructive notice of Mars's exclusive rights pursuant to 15 U.S.C. § 1072. Copies of the registration certificates and related documents showing Mars's ownership of these marks are attached as **Exhibit A**.

21. Since the date of first use, Plaintiffs or Nutro have continuously used the PILL POCKETS® Trademark to sell pet food treats in United States commerce.

22. The PILL POCKETS® Trademark is a strong mark and is entitled to the highest degree of protection under the law.

23. Plaintiffs prominently and consistently display their distinctive PILL POCKETS® Trademark on the packaging for their pet treat products, as shown below:



24. Pet treat products bearing the PILL POCKETS® Trademark have been sold throughout the United States in various locations and trade channels, including pet specialty retailers, Internet websites and online stores.

25. Plaintiffs have advertised and promoted, and continue to advertise and promote, their pet treat products bearing the PILL POCKETS® Trademark in a variety of media throughout the United States, including but not limited to print advertisements, e-mails, e-newsletters, statement inserts and point-of-sale materials available at merchant sites.

26. Plaintiffs also have advertised and promoted, and continue to advertise, market and promote their pet treat products bearing the PILL POCKETS® Trademark via their web site at <www.greenies.com>, which has averaged approximately more than 12,500 page views a month in 2016, of which approximately 10,150 were unique visitors.

27. Since the introduction of the PILL POCKETS® pet treat products in 2002, Plaintiffs have expended substantially large sums of money to advertise and promote their PILL POCKETS® pet treat products in a variety of media throughout the United States by continuously using and displaying the PILL POCKETS® Trademark to distinguish their pet treat products from those offered by others. As a result of such advertising and promotion, Plaintiffs'

pet treat products bearing the PILL POCKETS® Trademark are the market leaders in their category and enjoy a favorable reputation among consumers throughout the United States. Retail sales of PILL POCKETS® pet treat products have exceeded $80 million annually.

### B. DEFENDANTS' INFRINGING ACTIVITIES

28. Without authorization from Plaintiffs, and despite Plaintiffs' prior use of and rights in the PILL POCKETS® Trademark, Defendants are manufacturing, and recently began selling, advertising, promoting, and distributing, within this judicial district and in interstate commerce, pet treats under the Infringing PILL POUCHES Mark, thereby infringing Plaintiffs' PILL POCKETS® Trademark and creating a likelihood of confusion, mistake, and deception among consumers as to source, sponsorship, or affiliation.

29. Upon information and belief, in or about August 2016, Defendants launched and began selling their product line of pet treats under the Infringing PILL POUCHES Mark.

30. The Infringing PILL POUCHES Mark is confusingly similar to Plaintiffs' PILL POCKETS® Trademark in appearance, sound, meaning, and commercial impression. Defendants prominently display the Infringing PILL POUCHES Mark on their packaging as shown below:

 

31. Defendants display the Infringing PILL POUCHES Mark on their packaging as a "sub-brand" in the same manner and format in which they display the sub-brands for their other products, and have filed trademark applications for such other sub-brands with the USPTO. As such, Defendants are using the Infringing PILL POUCHES Mark as a trademark and not as a descriptive term.

32. Although Defendants' pet treat is simply a treat with a hole in the middle and thus is not a "pouch," Defendants falsely and misleadingly use the term "pouches" in the Infringing PILL POUCHES Mark to suggest that their pet treats serve as a "pouch" in which to place a pet medication and thereby falsely suggest to consumers that Defendants' pet treats have the same function as Plaintiffs' PILL POCKETS® pet treats or are otherwise connected or affiliated with Plaintiffs and their PILL POCKETS® pet treats.

33. Defendants are using the Infringing PILL POUCHES Mark in connection with pet treats that assist in administering medications to pets and are thus directly competitive with the goods sold by Plaintiffs bearing the PILL POCKETS® Trademark.

34. Defendants are not affiliated with or sponsored by Plaintiffs and have not been authorized by Plaintiffs to use their distinctive PILL POCKETS® Trademark or any mark confusingly similar thereto, including the Infringing PILL POUCHES Mark, to identify their products.

35. Defendants' adoption and use of the Infringing PILL POUCHES Mark for their pet treats is likely to cause confusion, mistake or deception among purchasers and the consuming public as to the source, origin or sponsorship of Defendants' goods. A substantial number of actual and potential purchasers and consumers, upon encountering Defendants' products or advertising bearing Defendants' Infringing PILL POUCHES Mark, are likely to mistakenly

believe that Defendants' goods originate with, or are licensed, approved, sponsored by, or otherwise affiliated with or related to, Plaintiffs' PILL POCKETS® pet treat products.

36.     Upon information and belief, Defendants willfully adopted the Infringing PILL POUCHES Mark to trade on the substantial goodwill and reputation established by Plaintiffs in their PILL POCKETS® Trademark.

37.     Defendants' adoption and use of the Infringing PILL POUCHES Mark is causing and will continue to cause damage and harm to Plaintiffs and their valuable reputation and goodwill.

### C.    MARS' CEASE AND DESIST DEMAND TO J.M. SMUCKER

38.     Plaintiffs first became aware of Defendants' pet treat product bearing the Infringing PILL POUCHES Mark in January, 2016 at the annual North American Veterinary Community ("NAVC") conference in Orlando, Florida.  Upon information and belief, the PILL POUCHES pet treat product was still in its introductory phase at this time, with a scheduled launch in August 2016.

39.     By letter to J.M. Smucker dated March 17, 2016, counsel for Plaintiffs notified J.M. Smucker of Mars' ownership of the PILL POCKETS® Trademark, coupled with Mars' extensive advertising and marketing, and demanded that J.M. Smucker immediately and voluntarily cease and desist from all current use and intended future use and sale of products bearing the Infringing PILL POUCHES Mark.  A copy of this letter is attached hereto as **Exhibit B** and incorporated herein by reference.

40.     Mars' counsel received a call from J.M. Smucker's counsel on March 29, 2016, during which Mars' counsel reiterated Mars' concerns regarding J.M. Smucker's intended use of the Infringing PILL POUCHES Mark for pet treats.  The call concluded with J.M. Smucker's

counsel indicating to Mars' counsel that he would take Mars' concerns back to J.M. Smucker and that he would provide a response to the March 17 letter.

41. On April 4, 2016, Mars' counsel received a letter from J.M. Smucker's counsel that he would provide a "more substantive response" later in the week. A copy of the April 4 letter is attached hereto as **Exhibit C** and incorporated herein by reference.

42. By letter to counsel for Mars dated April 7, 2016, counsel for J.M. Smucker claimed that his client is not infringing the PILL POCKETS® Trademark and rejected Mars' cease and desist demand. A copy of the April 7 letter is attached hereto as **Exhibit D** and incorporated herein by reference.

43. Thereafter, upon considering the April 7 letter carefully, on June 2, 2016, counsel for Mars sent a letter to J.M. Smucker's counsel reiterating Mars' concerns.

44. Mars' counsel received a phone call from J.M. Smucker's counsel on June 6, 2016 during which Mars' counsel informed J.M. Smucker's counsel that Mars remained extremely concerned with J.M. Smucker's intended use of the Infringing PILL POUCHES Mark for pet treats and asked once more for J.M. Smucker to consider refraining from the use of the Infringing PILL POUCHES Mark and/or the packaging bearing same. While J.M. Smucker's counsel said that he will confer with his client, Mars' counsel never received a response.

45. Notwithstanding Mars' prior demands, Defendants embarked upon a nationwide launch of their pet treat products bearing the Infringing PILL POUCHES Mark on or before August 2016, and are using such mark on their website located at <www.milkbone.com> and are advertising, marketing, promoting, and selling pet treat products bearing Infringing PILL POUCHES Mark throughout the United States utilizing the same or overlapping channels of trade as used by Plaintiffs for their PILL POCKETS® pet treats.

46. Upon information and belief, Defendants had full knowledge of Plaintiffs' rights in the PILL POCKETS® Trademark when they adopted and began using the Infringing PILL POUCHES Mark.

47. Upon information and belief, Defendants intentionally and willfully adopted and began using the Infringing PILL POUCHES Mark with a deliberate intent to cause confusion among consumers and to trade on the significant reputation and goodwill of Plaintiffs and their industry-leading PILL POCKETS® pet treats.

48. Upon information and belief, Defendants adopted and are using the Infringing PILL POUCHES Mark to mislead purchasers and prospective purchasers into believing, falsely, that Defendants' pet treats are manufactured by, licensed by, sponsored by, endorsed by, or otherwise affiliated with Plaintiffs.

49. The discussions between counsel for the parties have not led to a resolution, and Defendants continue, and upon information and belief, plan to continue use of the Infringing PILL POUCHES Mark in connection with their pet treats, all to the damage and detriment of Plaintiffs' reputation, goodwill and sales.

## COUNT I

**(TRADEMARK INFRINGEMENT IN VIOLATION OF UNITED STATES STATUTES, 15 U.S.C. § 1114(1) – PILL POCKETS® Trademarks)**

50. Plaintiffs repeat and reallege each and every allegation above as if set forth herein.

51. U.S. federal Trademark Registration Nos. 2,673,252 and 4,045,515 for the PILL POCKETS® Trademark are valid and subsisting federally registered trademarks. Further, U.S. Trademark Registration No. 2,673,251 is incontestable. By virtue of these registrations, the

PILL POCKETS® Trademark is entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

52. Defendants' use of the Infringing PILL POUCHES Mark is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' pet treat products in that the public is likely to believe that those products are provided by, sponsored by, licensed by, affiliated, or associated with, or in some other way legitimately connected to Plaintiffs or their products offered under the PILL POCKETS® Trademark, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

53. Defendants had actual knowledge of Plaintiffs' prior and exclusive rights in the PILL POCKETS® Trademark when they adopted and began using the Infringing PILL POUCHES Mark for their pet treats. In addition, Defendants have continued their unlawful conduct despite receiving cease-and-desist demands from Mars. Thus, Defendants have willfully and deliberately engaged in the aforesaid acts with reckless disregard for Plaintiffs' rights and intent to injure the Plaintiffs and deceive the public.

54. Plaintiffs have been damaged by the aforementioned acts in an amount to be determined at trial. Defendants' use of the confusingly similar Infringing PILL POUCHES Mark was undertaken by Defendants intentionally, maliciously, and in bad faith. Therefore, Plaintiffs are entitled to recover from Defendants, in additional to actual damages, punitive damages and attorneys' fees.

55. Defendants' conduct, if it continues, will result in irreparable harm to Plaintiffs and, specifically, to the goodwill and reputation associated with the PILL POCKETS® Trademark, unless such conduct is enjoined.

## COUNT II

### (FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, AND UNFAIR COMPETITION UNDER THE STATUTES OF THE UNITED STATES, 15 U.S.C. § 1125(a))

56. Plaintiffs repeat and reallege each and every allegation above as if set forth herein.

57. Without authorization from Plaintiffs, Defendants have adopted and continue to use the Infringing PILL POUCHES Mark in connection with the advertising and sale of goods in commerce in such a manner to falsely designate the origin of Defendants' products and confuse the public by suggesting that those products are sponsored by or affiliated with Plaintiffs, in violation of 15 U.S.C. § 1125(a).

58. In addition, Defendants' use of the Infringing PILL POUCHES Mark falsely and/or misleadingly describes the nature and function of Defendants' pet treat product by suggesting it is a "pouch" and comparable to Plaintiffs' PILL POCKETS® pet treat products, thereby creating a false association or false affiliation with Plaintiffs and their market-leading PILL POCKETS® pet treats, in violation of 15 U.S.C. § 1125(a).

59. Defendants' use of the Infringing PILL POUCHES Mark on or in connection with their pet treats was done with notice and full knowledge that such use was not authorized or licensed by the Plaintiffs. Defendants have used and continue to willfully use the Infringing PILL POUCHES Mark with the intent to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' pet treat products, and with the intent to trade on Plaintiffs' reputation and goodwill.

60. Defendants' acts have a substantial economic effect on interstate commerce because goods bearing the Infringing PILL POUCHES Mark are advertised and sold in interstate

commerce, and because Plaintiffs' goods bearing the PILL POCKETS® Trademark are also advertised and sold in interstate commerce.

61. Defendants have profited and have been unjustly enriched by sales of their pet products sold under the Infringing PILL POUCHES Mark that it would not otherwise have made but for their unlawful conduct, all to Defendants' profit and Plaintiffs' great damage and injury.

62. Defendants' aforesaid acts are in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a) and Defendants' use of a trademark identical or confusingly similar to Plaintiff's PILL POCKETS® Trademark constitutes a false designation of origin and unfair competition.

63. Defendants' aforesaid acts also constitute a false description in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a).

64. The intentional nature of the aforementioned acts of Defendants makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

65. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages in an amount to be proved at trial, including Defendants' profits and Plaintiffs' lost profits.

66. Plaintiff has no adequate remedy at law. If Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT III

**(COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)**

67. Plaintiffs repeat and reallege each and every allegation above as if set forth herein.

68. As a result of Plaintiffs' substantial advertising and promotional efforts for the PILL POCKETS® Trademark, as well as their dedication to providing quality products under the

PILL POCKETS® brand, Plaintiffs have built up valuable goodwill in the PILL POCKETS® Trademark. As such, the PILL POCKETS® Trademark has become associated with Plaintiffs' products, and has come to symbolize the reputation for quality and excellence of Plaintiffs' PILL POCKETS® products.

69. Without Plaintiffs' consent, Defendants have used and are using the Infringing PILL POUCHES Mark, which is confusingly similar to the PILL POCKETS® Trademark, in connection with the advertising and sales of goods in commerce in such a manner as to create a likelihood of confusion among prospective purchasers, and to compete unfairly with the Plaintiffs.

70. On information and belief, such actions were taken by Defendants in a deliberate attempt to misappropriate and trade off of the goodwill and valuable reputation of the Plaintiffs and the PILL POCKETS® Trademark. Such action is a willful attempt by Defendants to usurp the goodwill in Plaintiffs' rights to the PILL POCKETS® Trademark, and constitutes unfair competition in violation of Virginia common law and the laws of States in which Defendants have sold their products.

71. Defendants' use of the Infringing PILL POUCHES Mark induces prospective purchasers and others to believe, contrary to the fact, that the goods sold by Defendants are rendered, sponsored, or otherwise approved by, or connected with, the Plaintiffs.

72. Upon information and belief, Defendants had actual knowledge of Plaintiffs' prior and exclusive rights in the PILL POCKETS® Trademark when they engaged in the conduct complained of herein. In addition, Defendants have continued their unlawful conduct despite receiving cease-and-desist demands from Mars. Thus, Defendants have willfully and deliberately engaged in the aforesaid acts with intent to injure Plaintiffs and to deceive the public.

73. Defendants' use of the Infringing PILL POUCHES Mark is confusingly similar to Plaintiffs' PILL POCKETS® Trademark and is likely to deceive the public into believing, falsely, that Defendants' pet treat products are associated therewith, originate from or are offered, sponsored or approved by Plaintiffs, or that there is otherwise a connection between the companies' products and businesses. Defendants have unfairly competed with Plaintiffs in violation of Virginia common law and laws of States in which Defendants have sold their products.

74. Defendants' unauthorized use of the Infringing PILL POUCHES Mark constitutes trademark infringement of the PILL POCKETS® Trademark under the common law.

75. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damage to their goodwill and reputation as symbolized by their valuable PILL POCKETS® Trademark, and other damages in an amount to be proved at trial.

76. Plaintiffs do not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of products bearing the Infringing PILL POUCHES Mark. Unless enjoined by this Court, Defendants will continue these acts of trademark infringement and unfair competition, thereby deceiving the public and causing Plaintiffs immediate and irreparable damage entitling Plaintiffs to remedies available under the common law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1. Pursuant to 15 U.S.C. §1116 and the common law, that Defendants and each of their agents, servants, employees, attorneys, officers, and all others in privity and acting in concert with Defendants be preliminarily and permanently enjoined from:

   a. using, registering, or applying to register the Infringing PILL POUCHES Mark or any other trademark or trade name confusingly similar to

16

        Plaintiffs' PILL POCKETS® Trademark, in connection with the sale, advertising, promotion, or distribution of any pet food, pet treats, pet chews, or related goods;

    b.    using or authorizing to use in any manner any design, trademark, trade name, or combination thereof which imitates, resembles, or suggests the PILL POCKETS® Trademark;

    c.    otherwise infringing the PILL POCKETS® Trademark;

    d.    unfairly competing with Plaintiffs, diluting the distinctiveness of Plaintiffs' PILL POCKETS® Trademark, and otherwise injuring Plaintiffs' business reputation in any manner;

    e.    publishing any telephone, directory or Internet listing using the Infringing PILL POUCHES Mark and any other mark containing the term PILL POUCHES, and any other mark confusingly similar to the PILL POCKETS® Trademark, in the advertising, offering for sale and/or sale of any pet food, pet treats, pet chews, or related goods that may reasonably be encompassed by the PILL POCKETS® Trademark, or which may constitute a natural zone of expansion for Plaintiffs.

2. Imposing a constructive trust on all proceeds and/or fruits of the sales of any goods that bear a mark that infringes Plaintiffs' PILL POCKETS® Trademark;

3. Pursuant to 15 U.S.C. § 1118, that Defendants be directed to deliver up for destruction all packages, labels, advertisements, promotions, point of sale materials, signs, prints, and all other materials in its possession or under its control bearing the Infringing PILL POUCHES Mark;

4.     Pursuant to 15 U.S.C. §§ 1117 and 1125, and the common law, that Defendants account and pay Plaintiffs damages in an amount sufficient to fairly compensate them for the injury they have sustained, plus all the profits that are attributable to Defendants' use of the Infringing PILL POUCHES Mark, and such sums as the Court finds to be just, and further, that the amount of the monetary award granted be trebled in view of the willful and deliberate nature of Defendants' unlawful conduct;

5.     Pursuant to 15 U.S.C. §§ 1117 and 1125, and the common law, that this be held to be an exceptional case and that Defendants be ordered to pay to Plaintiffs the costs of this action and Plaintiffs' reasonable attorneys' fees; and

6.     Plaintiffs be granted such other, further, different, or additional relief as this Court deems equitable and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

Dated:   November 21, 2016                    Respectfully submitted,

              /s/ David G. Barger
David G. Barger (VSB # 469095)
GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Suite 1000
McLean, VA 22102
Telephone: (703) 749-1307
Facsimile: (703) 714-8307
Email: bargerd@gtlaw.com

Steven J. Wadyka, Jr.
(*Pro hac vice application forthcoming*)
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C.  20037
Telephone:  (202) 331-3105
Facsimile:  (202) 331-3101
wadykas@gtlaw.com

        Masahiro Noda
        (*Pro hac vice application forthcoming*)
        GREENBERG TRAURIG, LLP
        MetLife Building
        200 Park Avenue
        New York, New York 10166
        Telephone:  (212) 801-9200
        Facsimile:  (212) 801-6400
        nodam@gtlaw.com